UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST OF WESTERN WASHINGTON, | Cause No. 18-cv-5071<br><br>COMPLAINT FOR MONETARY DAMAGES |
| Plaintiffs,<br>v.<br><br>LEWIS CONCRETE, INC., a Washington corporation,<br><br>Defendant. | |

## I. PARTIES

1.1    Plaintiff Carpenters Health and Security Trust of Western Washington ("Carpenters Health Trust") is a Taft-Hartley trust fund established to provide and maintain hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof as the Trustees may determine in their discretion for the benefit of the Employees and their beneficiaries.   The Carpenters Health Trust maintains its principal office in Seattle, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES – 1
18-cv-5071

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 024 ta291903

1.2     Plaintiff Carpenters Retirement Trust of Western Washington ("Carpenters Retirement Trust") is a Taft-Hartley trust fund created to provide retirement and associated death benefits for employees and their beneficiaries.  The Carpenters Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3     Plaintiff Carpenters-Employers Vacation Trust of Western Washington ("Carpenters Vacation Trust") is a Taft-Hartley trust fund created to provide vacation benefits for employees.  The Carpenters Vacation Trust maintains its principal office in Seattle, King County, Washington.

1.4     Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund created to defray, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters.  The Carpenters Apprenticeship Trust maintains its principal office in Seattle, King County, Washington.

1.5     The Plaintiffs are commonly known as the Carpenters Trusts of Western Washington (or the "Carpenters Trusts").

1.6     Defendant Lewis Concrete, Inc. ("Lewis Concrete") is a Washington corporation with its principal place of business in Tacoma, Pierce County, Washington. Lewis Concrete's owner, Tracy Lewis, is the company's registered agent.

## II.  JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR MONETARY DAMAGES – 2
18-cv-5071

1700 024 ta291903

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. FACTS

3.1     On or about June 4, 2015, Tracy Lewis, identifying himself as the "Owner" of Lewis Concrete, executed a Project Agreement with the Pacific Northwest Regional Council of Carpenters (the "Union").  The Project Agreement incorporates by reference the terms and conditions of the 2012 – 2015 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America (the "Master Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT: The employer adopts and agrees to abide by the following Labor Agreement:

> ☒ Western & Central WA Master Labor Agreement Rep by: AGC of Western WA Effective: 6/1/12 to 5/31/15.

3.2     The Project Agreement was for work to be performed on the Peoples Community Center Pool Improvements project, in Tacoma, Pierce County, Washington.

3.3     By signing the Project Agreement, Lewis Concrete agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the terms and conditions of their respective trust agreements:

> 6. TRUST FUND OBLIGATIONS: The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement.  The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and so any successor Trust Agreements. Employer accepts as its lawful representatives, the employer trustees who are now or who may hereafter serve on the Board of Trustees.

3.4     Prompt payment of wages and fringe benefit contributions is an essential term of the Project Agreement.

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.5     The Carpenters Trusts are beneficiaries under the terms of the Project Agreement and the Master Labor Agreements.

3.6     As a signatory to the Project Agreement, as discussed above, Lewis Concrete agreed to the terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust of Western Washington.

3.7     Lewis Concrete's obligations under the Carpenters Health Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington, dated January 1, 1998, and as amended.   Under the Carpenters Health Trust, Lewis Concrete agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     Lewis Concrete's obligations under the Carpenters Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust

COMPLAINT FOR MONETARY DAMAGES – 4
18-cv-5071

1700 024 ta291903

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Agreement of the Carpenters Retirement Trust of Western Washington, dated January 1, 1998, and as amended. Under the Carpenters Retirement Trust, Lewis Concrete agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9    Lewis Concrete's obligations under the Carpenters Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington, dated January 1, 1998, and as amended. Under the Carpenters Vacation Trust, Lewis Concrete agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

COMPLAINT FOR MONETARY DAMAGES – 5
18-cv-5071

1700 024 ta291903

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10   Lewis Concrete's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington, dated January 1, 1998, and as amended.  Under the Carpenters Apprenticeship Trust, Lewis Concrete agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11   Following execution of the Project Agreement, Lewis Concrete hired union workers subject to the scope of work contained in the Master Labor Agreement and began the monthly reporting and payment of contributions to the Carpenters Trusts.

3.12   In 2017, the Carpenters Trusts selected Lewis Concrete for an audit of its payroll and related business records to determine whether the company had complied with its obligations to the Trust Funds.  The initial period of the audit was January 1, 2015 through December 31, 2015.

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1        3.13   On April 10, 2017, after Lewis Concrete provided the Carpenters Trusts with

2   the requested payroll and related business records, the auditor, Anastasi Moore & Martin,

3   PLLC (the "Auditor") issued its *Independent Accountants' Report on Applying Agreed-*

4   *Upon Procedures* (the "AUPR").  The auditor concluded in the AUPR that Lewis Concrete

5   owed the Carpenters Trusts $3,660.97, consisting of $2,286.96 in underpaid/underreported

6   fringe benefit contributions, $274.44 in liquidated damages, $424.57 in accrued interest, and

7   $675.00 in audit fees.

8        3.14   Lewis Concrete did not challenge the conclusions contained in the AUPR nor

9   did the company pay the amounts the Auditor concluded were due.

10        3.15   On September 11, 2017, counsel made written demand upon Lewis Concrete

11   for payment of the amounts contained in the AUPR.  Lewis Concrete did not respond to

12   counsel in any fashion.

13        3.16   A subsequent demand was made upon Lewis Concrete on September 27,

14   2017.  As before, Lewis Concrete did not respond to counsel.

15        3.17   As of the date of this complaint, Lewis Concrete has not paid the amounts

16   due and owing to the Carpenters Trusts, as set forth in the AUPR.

17   **IV.  <u>CAUSES OF ACTION</u>**

18   **First Cause of Action**

19   **(Breach of Contract)**

20        4.1   The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 –

21   3.17, above.

22        4.2   Lewis Concrete's failure to fully pay fringe benefit contributions it owes to

23   the Carpenters Trusts constitutes a breach of terms of the labor and trust agreements

COMPLAINT FOR MONETARY DAMAGES – 7
18-cv-5071

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 024 ta291903

between the Union and Lewis Concrete, to which the Carpenters Trusts are beneficiaries and/or parties.

4.3    As a result of Lewis Concrete's breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $2,286.96, plus liquidated damages, interest, audit fees, attorney fees, and costs of enforcement and collection.

**Second Cause of Action**
**(Violation of ERISA)**

4.4    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.17, above.

4.5    Lewis Concrete's failure to fully pay fringe benefit contributions it owes to the Carpenters Trusts violates §515 ERISA, codified at 29 U.S.C. §1145 and gives rise to a cause of action under §502(g)(2)(E) ERISA, codified at 29 U.S.C. §1132(a)(3).

4.6    As a result of Lewis Concrete's failure violation of ERISA, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $2,286.96, plus liquidated damages, interest, audit fees, attorney fees, and costs of enforcement and collection.

**V.  <u>RELIEF REQUESTED</u>**

The Carpenters Trusts respectfully request the Court grant the following:

A.    Judgment in favor of the Carpenters Trusts, in an amount to be determined at trial, but not less than $2,286.96, representing contributions shown to be due under the Agreed-Upon Procedures Report;

B.    Judgment in favor of the Carpenters Trusts, in an amount to be determined at trial, but not less than $274.44 in liquidated damages, representing liquidated shown to be due under the Agreed-Upon Procedures Report, or double the accrued, prejudgment interest, whichever is higher, pursuant to 29 U.S.C. §1132(g)(2)(C);

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

C.     Judgment in favor of the Carpenters Trusts, in an amount to be determined at trial, but not less than $424.57 representing accrued prejudgment interest shown to be due under the Agreed-Upon Procedures Report;

D.     Judgment in favor of the Carpenters Trusts, in an amount to be determined at trial, but not less than $675.00 in audit fees shown to be due under the Agreed-Upon Procedures Report;

E.     An award of attorney fees and costs, as authorized by the labor and trust agreements to which Lewis Concrete is a party, and as authorized under 29 U.S.C. §1132(g)(2)(D);

F.     Post-judgment interest at the 12% rate specified in the applicable Trust Agreements, as authorized under 29 U.S.C. §1132(g)(2); and

G.     Any other such relief under federal law or as is just and equitable.

Dated: January 29, 2018.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
   & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Carpenters Trusts of Western Washington

COMPLAINT FOR MONETARY DAMAGES – 9
18-cv-5071

1700 024 ta291903